## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD LAWRENCE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MANTECH INTERNATIONAL CORPORATION, KEVIN M. PHILLIPS, RICHARD L. ARMITAGE, MARY K. BUSH, BARRY G. CAMPBELL, RICHARD J. KERR, KENNETH A. MINIHAN, and PETER LAMONTAGNE,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Richard Lawrence ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against ManTech International Corporation ("ManTech" or the "Company") and the members of ManTech's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell ManTech to affiliates of The Carlyle Group Inc. ("Carlyle") (the "Proposed Transaction").

2.      On May 13, 2022, ManTech entered into an Agreement and Plan of Merger with affiliates of Carlyle, Moose Bidco, Inc. ("Parent"), and Moose Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Carlyle will acquire ManTech for $96.00 in cash for each share of ManTech common stock.

3.      On August 4, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that ManTech stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; and (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman").

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as ManTech stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5.      The special meeting for ManTech stockholders to vote on the Proposed Transaction is currently scheduled for September 7, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and ManTech's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Case 1:22-cv-06873-JGK   Document 1   Filed 08/12/22   Page 3 of 10

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. ManTech's common stock trades on the Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of ManTech common stock.

10. Defendant ManTech is a Delaware corporation, with its principal executive offices located at 2251 Corporate Park Drive, Herndon, Virginia 20171. ManTech's shares trade on the Nasdaq Global Market under the ticker symbol "MANT."

11. Defendant Kevin M. Phillips has been Chairman of the Board and President, Chief Executive Officer and a director of the Company at all relevant times.

12. Defendant Richard L. Armitage has been a director of the Company at all relevant times.

13. Defendant Mary K. Bush has been a director of the Company at all relevant times.

14. Defendant Barry G. Campbell has been a director of the Company at all relevant times.

3

Case 1:22-cv-06873-JGK   Document 1   Filed 08/12/22   Page 3 of 10

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. ManTech's common stock trades on the Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of ManTech common stock.

10. Defendant ManTech is a Delaware corporation, with its principal executive offices located at 2251 Corporate Park Drive, Herndon, Virginia 20171. ManTech's shares trade on the Nasdaq Global Market under the ticker symbol "MANT."

11. Defendant Kevin M. Phillips has been Chairman of the Board and President, Chief Executive Officer and a director of the Company at all relevant times.

12. Defendant Richard L. Armitage has been a director of the Company at all relevant times.

13. Defendant Mary K. Bush has been a director of the Company at all relevant times.

14. Defendant Barry G. Campbell has been a director of the Company at all relevant times.

15. Defendant Richard J. Kerr has been a director of the Company at all relevant times.

16. Defendant Kenneth A. Minihan has been a director of the Company at all relevant times.

17. Defendant Peter LaMontagne has been a director of the Company at all relevant times.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

19. Founded in 1968, ManTech provides innovative, mission-focused technology solutions and services for U.S. intelligence community, defense and federal civilian agencies. The Company's principal areas of expertise include full-spectrum cyber, secure mission and enterprise information technology ("IT"), advanced data analytics, intelligent systems engineering, software and systems development, and national security mission support. ManTech's tailored solutions include full-spectrum cyber, secure mission & enterprise IT, advanced data analytics, software and systems development, intelligent systems engineering, intelligence mission support, and mission operations.

### The Proposed Transaction

20. On May 16, 2022, ManTech announced that it had entered into the Proposed Transaction, stating, in relevant part:

> **HERNDON, Va., May 16, 2022** — ManTech International Corporation (Nasdaq: MANT) ("ManTech" or the "Company"), a leading provider of innovative technologies and solutions for mission-critical national security programs, today announced that it has entered into a definitive agreement to be acquired by funds managed by global investment firm Carlyle (NASDAQ: CG) in an all-cash transaction with a total enterprise value of approximately $4.2 billion.

Under the terms of the transaction, ManTech shareholders will receive $96.00 per share in cash, which represents a 32% premium to ManTech's unaffected closing share price of $72.82 on February 2, 2022, the last trading day prior to published media reports regarding a potential strategic process for the Company, and a 17% premium to the closing stock price of $81.97 on May 13, 2022.

"We have always admired ManTech's unwavering commitment to support national security customers and their critical missions through differentiated capabilities and technology solutions. ManTech's talented employees and leadership team have built a remarkable Company with strong market positions across the federal government," said Dayne Baird, a Managing Director on Carlyle's Aerospace & Government Services team. "Through this partnership, we look forward to leveraging our sector expertise and resources to accelerate growth and innovation and to drive greater value for customers and employees."

"This announcement is an important milestone for ManTech and a testament to our growth and the leadership position we have built since our founding by George Pedersen more than 50 years ago," said ManTech Chairman, Chief Executive Officer and President Kevin M. Phillips. "Following a comprehensive review of strategic alternatives, our Board determined that this transaction is in the best interest of our shareholders and provides them with the most compelling value maximization outcome, offering liquidity at a significant premium. We look forward to leveraging Carlyle's deep knowledge and experience investing in and growing companies, as we deliver stronger outcomes for our customers and increased opportunities for our employees."

**Transaction Details**

The transaction was unanimously approved by ManTech's Board of Directors, which recommends that ManTech shareholders vote in favor of the transaction. The transaction is expected to close in the second half of calendar 2022, subject to approval by ManTech shareholders, receipt of regulatory approvals and other customary closing conditions. Stockholders holding shares of common stock representing 49.2% of the current outstanding voting power of the ManTech common stock have entered into a voting agreement pursuant to which they have agreed, among other things, to vote their shares of common stock in favor of the transaction, subject to certain conditions.

**The Materially Incomplete and Misleading Proxy Statement**

21.     On August 4, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC.  The Proxy Statement, which recommends that ManTech stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading

5

information, concerning: (i) the Company's financial projections; and (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Goldman.

*Material Misrepresentations and/or Omissions Concerning ManTech's Financial Projections*

22. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

23. For example, with respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) the Company's unlevered free cash flows for the years 2022 through 2026; and (ii) all line items underlying: (a) EBITDA, (b) EBIT, and (c) unlevered free cash flow.

*Material Misrepresentations and/or Omissions Concerning Goldman's Financial Analyses*

24. The Proxy Statement fails to disclose material information concerning Goldman's financial analyses.

25. With respect to Goldman's *Illustrative Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) ManTech's terminal year EBITDA and the Company's terminal values; (ii) the inputs and assumptions underlying the discount rates ranging from 9.0% to 10.0%; (iii) the Company's net debt; and (iv) the Company's fully diluted outstanding shares.

26. With respect to Goldman's *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose: (i) the Company's forecasted net debt for each of the fiscal years 2022 to 2024, as provided by the management of the Company; (ii) the Company's projected year-end fully diluted outstanding shares; (iii) the cumulative dividends per share expected to be paid to the Company stockholders in the second, third, and fourth fiscal quarters of 2022 and each of the fiscal years 2023 and 2024; and (iv) the inputs and assumptions underlying the discount rate of 10.0%.

27. With respect to Goldman's *Selected Transactions Analysis*, the Proxy Statement fails to disclose: (i) the individual multiples and financial metrics for each of the selected transactions analyzed by Goldman; (ii) the Company's net debt; and (iii) the Company's fully diluted outstanding shares.

28. With respect to Goldman's *Premia Analysis*, the Proxy Statement fails to disclose: (i) the transactions analyzed; and (ii) the individual premiums observed for each transaction.

29. In sum, the omission of the above-referenced information renders statements in the "Unaudited Prospective Financial Information" and "Opinion of Our Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of ManTech will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ManTech**

30. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. ManTech is liable as the issuer of these statements.

32. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

33. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

35. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

36. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of ManTech within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of ManTech and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement,

they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of ManTech, and against defendants, as follows:

  A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

  C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

  D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

  E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 12, 2022          **ACOCELLI LAW, PLLC**

                     By */s/ Richard A. Acocelli*
                        Richard A. Acocelli
                        33 Flying Point Road, Suite 131
                        Southampton, NY 11968
                        Tel: (631) 204-6187
                        Email: racocelli@acocellilaw.com

                        *Attorneys for Plaintiff*